1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAKOB SHANK,

                Plaintiff,

      v.

GUILD MORTGAGE COMPANY,
et al. ,

                Defendants.

CASE NO. C25-1366JLR

ORDER

## I.   INTRODUCTION

Before the court is Defendants Guild Mortgage Company, LLC,[1] ("Guild") and

Terry Schmidt's (collectively, "Defendants") first motion to dismiss *pro se* Plaintiff

Jakob Shank's complaint.  (MTD (Dkt. # 10); *see also* Compl. (Dkt. # 1).)  Mr. Shank did

---

[1] Guild Mortgage Company, LLC, is incorrectly named in the complaint as Guild Mortgage Company.  (*See* Compl. at 2.)

ORDER - 1

1   not respond to the motion.[2]  (*See generally* Dkt.; *see also* 10/29/25 Not. (Dkt. # 12)

2   (noting that Defendants' motion to dismiss is unopposed).)  The court has reviewed the

3   parties' submissions, the relevant portions of the record, and the governing law.  Being

4   fully advised, the court GRANTS Defendants' motion to dismiss.

## II.   BACKGROUND

6       On July 21, 2025, Mr. Shank filed the instant complaint in which he alleges claims

7   for violations of the RICO Act under 18 U.S.C. § 1964; conspiracy under 18 U.S.C.

8   § 241; deprivation of rights under Color of Law under 18 U.S.C. § 242; aggravated

9   identity theft under 18 U.S.C. § 1028A; and fraud under 18 U.S.C. §§ 1341, 1343,

10  and 1344.  (Compl. at 3.[3])  Mr. Shank does not include any factual allegations in his

11  complaint.  (*See generally id.*)  Instead, he asks the court to review the exhibits to his

12  complaint for "evidence of a completed Private Administrative Procedure" and asserts

13  that Defendants "have acquiesced to the commission of all offenses listed above."  (*Id.* at

14  5.)  Mr. Shank seeks the following relief:  (1) "deletion of the fraudulent debt(s)"; (2)

15  "complete reversal of all payments back to payer"; and (3) treble damages.  (*Id.*)  Mr.

16  Shank did not file an affidavit of service on Defendants.  (*See generally* Dkt.)

17

18

---

19      [2] "Except for motions for summary judgment, if a party fails to file papers in opposition
to a motion, such failure may be considered by the court as an admission that the motion has
20  merit."  Local Rules W.D. Wash. LCR 7(b)(2).

21      [3] Mr. Shank also purports to bring a claim under 18 U.S.C. § 63 for "mail fraud and other
offenses."  (*Id.*)  That statute, however, does not exist.  The court liberally construes the
complaint as purporting to raise a claim under Title 18, chapter 63, which includes 18 U.S.C.
22  §§ 1341, 1343, and 1344.

1    On October 2, 2025, Defendants moved to dismiss the case with prejudice

2  pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to dismiss for

3  lack of service.  (MTD at 1.)  Defendants assert that on November 18, 2024, Mr. Shank

4  obtained two loans from Guild, one in the amount of $699,103 and one in the amount of

5  $27,964.  (*Id*.)  For each loan, the parties executed a promissory note that was secured by

6  a deed of trust against real property in King County, Washington.  (*Id*. at 1-2; *see* RJN

7  (Dkt. # 11) Exs. 1-2 (copies of deeds of trust).[4])  Defendants assert that, given the

8  absence of a statement of facts in Mr. Shank's complaint, they are unable to determine

9  "what actions by either Defendant could give rise to liability under any theory."  (*Id*. at

10  2.)  The court now addresses Defendants' motion.

### III.    ANALYSIS

12    When evaluating a motion to dismiss under Rule 12(b)(6), the court construes the

13  allegations in the complaint in the light most favorable to the nonmoving party, *Livid*

14  *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks

15  whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to

16  relief that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

17  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

18  when the plaintiff pleads factual content that allows the court to draw the reasonable

19

20    [4] The court grants Defendants' request to take judicial notice of the deeds of trust.  (*See generally* RJN.)  *See* Fed. R. Evid. 201 ("[The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.");  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (holding that a court may take judicial notice of undisputed matters of public record).

1   inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The burden

2   is on the plaintiff to identify directly in the complaint facts that are sufficient to state a

3   claim.  *Twombly*, 550 U.S. at 555 (setting forth that in order to state a claim, a complaint

4   must plead the facts that underlie the claim); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

5   Cir. 1996) (providing that a complaint should "fully set forth who is being sued, for what

6   relief, and on what theory, with enough detail to guide discovery").  When a party fails to

7   respond to a motion, the court may consider such failure "as an admission that the motion

8   has merit."  *See* Local Rules W.D. Wash. LCR 7(b)(2).   The court is mindful that Mr.

9   Shank is proceeding *pro se* and, therefore, it must construe his pleadings liberally.  *See*

10   *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, a *pro se* litigant

11   must follow the same rules of procedure that govern other litigants.  *See, e.g.*, *Briones v.*

12   *Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

13        Here, Mr. Shank has not met his burden to state facts directly in the complaint

14   sufficient to allege that Defendants have violated his rights.  *Ashcroft*, 556 U.S. at 678.

15   Because of the absence of a statement of facts in the complaint, the court cannot draw

16   any reasonable inferences that the Defendants are liable for any alleged misconduct.  *Id*.

17        First, to state a civil RICO claim, Mr. Shank must plausibly allege:  "(1) conduct

18   (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate

19   acts') (5) causing injury to plaintiff's 'business or property.'"  *Grimmett v. Brown*, 75

20   F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)).  Here, Mr. Shank

21   fails to state a claim for a RICO violation because he does not plausibly allege any facts

22   sufficient to establish any element of a RICO violation.  (*See generally* Compl.)

1    Second, the court dismisses Mr. Shank's claims under 18 U.S.C. §§ 241 and 242

2    because those statutes are federal criminal statutes that do not confer a private right of

3    action. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the

4    dismissal of plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they are criminal

5    statutes that do not give rise to civil liability).  For the same reason, the court must also

6    dismiss Mr. Shank's claims for mail fraud, aggravated identity theft, and fraud arising

7    under 18 U.S.C. §§ 1341, 1343, 1344, and §1028A.  *Alexander v. Sandoval*, 532 U.S.

8    275, 286-87 (2001) (affirming that "private rights of action to enforce federal laws must

9    be created by Congress" and that without statutory intent, "a cause of action does not

10   exist and courts may not create one"); *see* 18 U.S.C. §§ 1341, 1343, 1344, 1028A; *see*

11   *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1987)) (recognizing that

12   no private right of action exists under § 1341); *Lassetter v. Brand*, No. C11-0482JCC,

13   2011 WL 4712188, at *2 (W.D. Wash. Oct. 4, 2011) (holding that 18 U.S.C. § 1028

14   provides no private right of action).

15        For the reasons stated above, and because Mr. Shank failed to respond to

16   Defendants' motion (*see generally* Dkt.), the court grants Defendants' motion to dismiss

17   Mr. Shank's claims with prejudice.  *See* Fed. R. Civ. P. 12(b)(6); *see* Local Rules W.D.

18   Wash. LCR 7(b)(2).  Because none of Mr. Shank's claims survive Rule 12(b)(6) review,

19   the court declines to address Defendants' motion to dismiss for lack of service.

## IV.    CONCLUSION

21        For the foregoing reasons, the court GRANTS Defendants' motion to dismiss

22   (Dkt. # 10).  Mr. Shank's claims for conspiracy, deprivation of rights under color of law,

1   fraud, mail fraud, aggravated identity theft, and civil RICO are DISMISSED with

2   prejudice.

3

4        Dated this 13th day of November, 2025.

5        _____

6        JAMES L. ROBART
         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 6